UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                  :

SHEILA C. WARD,                                      :              11 Civ. 6157 (PAE)

                                                                  :
                                     Plaintiff,                 :
                        -v-                                          :
                                                                  :              <u>OPINION & ORDER</u>
                                                                  :
COMMISSIONER OF SOCIAL SECURITY,    :
                                                                 :
                                   Defendant.               :
                                                                  :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       Before the Court is the December 10, 2013 Report and Recommendation ("Report") of Magistrate Judge Henry B. Pitman, recommending that the Court deny defendant's unopposed motion for judgment on the pleadings and remand the case to the Social Security Administration ("SSA") for further proceedings. For the reasons that follow, the Court adopts the Report in full.

**I.     Background and Procedural History**

       On August 23, 2011, Sheila C. Ward ("Ward"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") finding her ineligible for supplemental security income ("SSI") benefits. Dkt. 2.

       On July 23, 2012, defendant moved for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 16. Ward failed to oppose defendant's motion, despite

having originally been ordered to do so by August 22, 2012, *see* Dkt. 15, and later having been given until April 29, 2013, *see* Dkt. 19.[1]

On December 10, 2013, Judge Pitman issued the Report, recommending that defendant's motion for judgment on the pleadings be denied.  Dkt. 21.  The Report explained that "[p]laintiff is entitled to have her complete medical history 12 months prior to her application for SSI benefits and the opinions of her treating physicians, if any, considered by the ALJ before a decision is rendered."  Report at 50.  "In this case, the ALJ failed to develop plaintiff's complete medical history for the 12-month period preceding the . . . month she filed her application."  *Id.* at 45.  And the ALJ "fail[ed] to make every reasonable effort to obtain medical opinions from plaintiff's treating physicians."  *Id.* at 46.  "First, there is no indication that the ALJ requested reports from [Ward's treating physicians] . . . [or] made additional attempts to obtain [their] reports" when they were not produced along with her medical records.  *Id.* at 47−48.  "Second, the ALJ did not inform [the *pro se*] plaintiff of the importance of obtaining her treating physicians' medical opinions."  *Id.* at 49.  Thus, the Report concluded, "[t]he ALJ's failures to develop the record constitute legal error," and remand to the SSA for further proceedings is required.  *Id.* at 50.  The Report further stated that "[o]n remand, the ALJ should obtain medical records from plaintiff's medical sources for the months of November and December 2008.  The ALJ should also make and document his attempts to obtain reports from [Ward's treating physicians] setting [out] their opinions as to the existence, nature and severity of plaintiff's claimed disabilities."  *Id.*

---

[1] By Order dated March 29, 2013, Judge Pitman warned Ward that she had "not served or filed any opposition to the motion," and that "[i]n the absence of a request for an extension of time, I shall consider the motion fully submitted as of [April 29, 2013] and ready for decision."  Dkt. 19.

The deadline for the parties to file objections to the Report was December 24, 2013. To this date, no objections have been filed.

## II.     Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006).

Because neither Ward nor the Commissioner has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Pitman's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "[f]ailure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 52 (emphases omitted), the failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full. Defendant's motion for judgment on the pleadings is denied, and the case remanded for further proceedings consistent with this Opinion & Order. The Clerk of Court is directed to terminate the motion pending at docket number 16, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
_____
Paul A. Engelmayer
United States District Judge

Dated: January 24, 2014
       New York, New York

4